

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

Name **Bayramoglu**  **Fikri**
     (Last)            (First)          (Initial)

Prisoner Number — FIKRI BAYRAMOGLU C-54604
Institutional Address CALIFORNIA MEN'S COLONY - WEST
P.O. BOX 8103
SAN LUIS OBISPO, CA. 93409-8103

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Fikri Bayramoglu
(Enter the full name of plaintiff in this action.)

       vs.

Matthew Cate, Secretary, CDCR
Ben Curry, Warden, CSP-CTF
C.C. Handcock Lt., CSP-CTF
J. Vera, Lt., CSP-CTF, et al.,
(Enter the full name of the defendant(s) in this action)

Case No. C 13-1094 YGR (PR)
(To be provided by the Clerk of Court)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
Title 42 U.S.C § 1983

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.   Exhaustion of Administrative Remedies.

     [**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

     A.   Place of present confinement  California Men's Colony, West

     B.   Is there a grievance procedure in this institution?
              YES (✓)    NO ( )

     C.   Did you present the facts in your complaint for review through the grievance procedure?
              YES (✓)    NO ( )

     D.   If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

COMPLAINT                           - 1 -

1. Informal appeal _____

_____

_____

2. First formal level_____

_____

_____

3. Second formal level CTF-S-08-02077, July 9, 2008. Pls. see attached CDCR Memo stating: "Staff did violate CDCR policy." CTF-08-02879- CTF-08-03409- CTF-08-03511- CTF-08-03026

4. Third formal level 1) 0803305; 2) 080T742; 3) 0811749; 4) - 0811575; 5) 0813735. See Janes V. Bock, 549 U.S. 199, 127 S. Ct 910 (2007), Brodheim V. Cry, 584 F.3d 1262 (9th Cir. 2009)

E.  Is the last level to which you appealed the highest level of appeal available to you?

    YES (✓)    NO ( )

F.  If you did not present your claim for review through the grievance procedure, explain why._____

_____

_____

II. Parties.

A.  Write your name and your present address. Do the same for additional plaintiffs, if any.

Tiksi Bayramov, C-54604 - CMC- West - E-7-20L
P.O. Box 8103 - San Luis Obispo, CA-93409-8103

_____

B.  Write the full name of each defendant, his or her official position, and his or her place of employment.

_____

COMPLAINT                           - 2 -

1. Mathew Cate, Secretary, CDCR., Ben Curry, Warden, CSP-CTF., C.C.
2. Hancock, Lt., CSP-CTF., J. Vera, Lt., CSP-CTF., P.A. Santiago, Ap-
3. peals Coor. CSP-CTF., D. Branch, C/O., CSP-CTF, C.B. Tucker, Coor.
4. Captain CSP-CTF., K. Huffman, Lt., CSP-CTF-Soledad, CA., et al.,

5. III.    Statement of Claim. See West v. Atkins, 487 U.S. 42, 48 (1988)

6. State here as briefly as possible the facts of your case. Be sure to describe how each
7. defendant is involved and to include dates, when possible. Do not give any legal arguments or
8. cite any cases or statutes. If you have more than one claim, each claim should be set forth in a
9. separate numbered paragraph.

10. Pro-se pleadings must be liberally construed. Balistreri v. Pacifica
11. Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Federal Rule of Civil Pro-
12. cedure 8(a)(2) requires only "a short and plain statement of claim
13. showing that the pleader is entitled to relief." On May 21, 2008
14. Pltf. filed "Staff Complaint" on Sgt. E. Banales, Log No. CTF-S-08-2077.
15. Complaint forwarded to Lt. C.C. Hancock, for a hearing. However,
16. he did not liked the statements were made in the complaint, and Lt.
17. Hancock, very severely "Retaliated" by issuing a bogus CDC 114/115 for
18. "Threatening staff" (Sgt. E. Banales), arrested and placed Pltf. into the
19. Ad/Seg. On June 20, 2008, Lt. J. Vera, continued with retaliations by finding
20. guilty of the Bogus Charge of Threatening Staff, and assessed 60 days loss
21. of credits, and ICC assessed 5 months SHU Term, and BPH assessed -15-
22. year denial of parole, after serving 30 yrs. for -15-yrs.-to-life sentence.
23.  IV.   Relief.   Complaint forwarded back to Warden, and he admitted that the "Staff-
       did violate CDCR policy." Pls. See Supporting Documents.
24. Your complaint cannot go forward unless you request specific relief. State briefly exactly
25. what you want the court to do for you. Make no legal arguments; cite no cases or statutes.
26. 1) That the Court Order Declaratory relief; 2) That the Court Order
27. Compensatory Damages; 3) That the Court Order Punitive Damages;
28. 4) That the Court Order Nominal Damages; 5) That the Defendants

COMPLAINT                                - 3 -

1  should be precluded from filing Motion to Dismiss or Motion for Sum-
2  mary Judgement. See Stone, 502 F.2d 3d 1027, 1038 (9th Cir. 2007); 6)
3  That the Court Appoint Counsel because the case is extremely complicated
4  and split by this Court on Jan. 10, 13, and Defendants should be pay attorney
   and other legal fees, court costs and expenses herein, and any other
5  I declare under penalty of perjury that the foregoing is true and correct. relief is deems
6  Just.
7  Signed this 20 day of January, 20 13
8
9  _____
10 (Plaintiff's signature)
11
12 Please see attached additional info., and acts and omissions of
13 the above named Defendants - 8 - pages, and this Court's Order
14 of Transfer filed Jan. 10, 2013, and Plaintiff's exculpatory,
15 exonerating evidence/exhibits CDCR Memos Dated: May 29,
16 and July 9, 2008. Please take NOTICE of the "foot-print" on
17 Memo. Plaintiff will leave to amend his complaint when and
18 necessary, per FRCP Rule 15.
19         Jury Trial Demanded
20 Plaintiff, Hikri Bayramoglu, hereby demands a jury trial, per
21 FRCP 38(b) as to all the triable issues herein.
22
23
24
25
26
27 The filing fee should be waived. Nevertheless, an application to
28 proceed in forma pauperis forwarded to Trust Office for processing
   and forwarding to this Court on the same date.

COMPLAINT                           - 4 -

I

This action is filed per this Court's attached "Order of Transfer" filed Jan. 10, 2013, and arises under the United States Constitution, particularly under the provisions of the 1st, 8th and 14th Amendments, under federal law, particularly the Civil Rights Act, Title 42 U.S.C. Section 1983, 28 U.S.C. Sections 1331, 1343, and various causes of action. Plaintiff also seeks declaratory judgment pursuant to 28 U.S.C. Section 2201.

II

This Court has jurisdiction under 28 U.S.C. Section 1343, 1391(b)(2) because a substantial part of the violations of Constitutional Law, Rights, acts or omissions giving rise to the claims occurred in this district. See attached "Order of Transfer."

III

Plaintiff Pikri Bayraougu was at all times relevant to this action, a prisoner incarcerated at the California Men's Colony in San Luis Obispo, California.

IV

Defendant Matthew Cate is a resident of the State of California. At all times herein mentioned, he serves as Secretary of the California Department of Corrections (CDCR). In such capacity Defendant Cate oversees the administration, operation and supervision of California prisons and its parole division. Defendant Cate is responsible for the promulgations and enforcement of rules, regulations, policies and procedures for the institutions and divisions under his authority. Defendant Cate is sued herein individual and in his official capacity

Page -1- of -8-

V

Defendant Ben Curry, was at all times relevant to this action the Warden at CSP-CTF at Soledad, California, which is located in this Court's jurisdiction, was acting under the color of state and federal law. By statute the warden is responsible for ensuring the safety and well-being of prisoners under his supervision. C.R.S. Section 17-1-104. By prison policy an inmate is not to be confined in the segregation unless he poses a serious threat. He is sued in his individual and official capacities. See Ricker V. Leaply, 25 F.3d 1406, 1410 (8th Cir. 1994); McCraye V. Hankins, 720 F.2d 863 (5th Cir. 1983)

VI

Defendant Ben Curry, after he issued the attached CDCR Memo of July 9, 2008, in which, that "admitted that the Staff did Violate CDCR policy," failed to secure the safety and security of the Plaintiff by immediately ordering Plaintiff's removal from the Administrations and Segregation (See Ricker V. Leaply, above) and Plaintiff end-up serving all of the 5 months "illegal SHU Term" were assessed by the Icc.

VII

Defendant C.C. Hancock, was at all times relevant to this action served as Correctional Lieutenant at CSP-CTF Soledad, is a resident of the State of California. Defendant Hancock was responsible for the enforcement of the rules, regulations, policies and procedures of the prison as applied to the inmates under his charge. Defendant Hancock is sued herein his individual and official capacity.

///

-2-

## VIII

Defendant Hancock, on June 9, 2008, deliberately, intentionally and maliciously in retaliation, issued a CDC 114/115 per "Specific Acts of Threatening Staff" just because he did not like the statements were made at Sgt. E. Barrales in CDC 602 dated 5-21-2008, who caused at Plaintiff, by calling him: "Don't you walked in here like that motherfucker?" Defendant Handcock, wrote on the CDC 115 that Plaintiff stated: "I wrote the 602 and what you are doing is illegal." But the Defendant Handcock did not cared and placed Plaintiff in the Hole!

## IX

Defendant J. Vera is a resident of the State of California. At all times herein mentioned, he served as Correctional Lieutenant at CSP-CTF Soledad. Defendant Vera was responsible for the enforcement of the rules, regulations, policies and procedures of the prison as applied to the inmates under his charge. Defendant Vera is sued herein in his individual and official capacity.

## X

Defendant Vera knew that the above noted (VIII) CDC 115 was nothing but a bogus trump-up charge by the Defendant C.C. Hancock that did not had any basis in law or in fairness found the Plaintiff guilty, and assessed 60 days loss as prison credits, and ICC assessed 5 months "illegal SHU Term".

## XI

Defendant R.A. Santiago is a resident of State of California. At all times herein mentioned, he served as CCII an Appeals Coordinator at CSP-CTF-Soledad. Defendant Santiago was

-3-

responsible for the enforcement of rules, regulations, policies and procedures of the prison as applied to inmates under his charge. Defendant Santiago is sued herein individual and in his official capacity. Plaintiff alleges that the disciplinary measures were taken for statements he made in an administrative complaint about Sgt. E. Banales, and that these statements were protected by the First Amendment. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)(footnote omitted); Bradly v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).

XII

Defendant D. Branch is a resident of State of California. At all times mentioned, he served as Correctional Officer, C/O at CSP-CTF-Soledad. He was the segregation officer at CTF and was responsible for the rules, regulations and the policies of the Wardens, and to ensure the safety and security of the Plaintiff. Defendant Branch is sued herein in his individual capacity.

Defendant Branch, read Plaintiff's CDC 114 lock-up-order. After that said: "Oh, you want to fuck my Sgt's mother huh!?" and put Plaintiff on his "Shit List". At one time pulled Plaintiff out for 602 interviews with Lt. R. Rosaria, and slammed the up against the wall, and said: "All you do is file a 602. Cuffed-up!" He put the hand-cuffs so tight, that scraped the skin off the Plaintiff's left wrist, and Plaintiff lost some blood and his left-hand was blue approximately 6 week, and cut the circulation, and as a result, his left small toe is num till this day! Whether related or not Plaintiff is not sure.

All these deliberate intentional abuse are well documented in Plaintiff's CDC 602 Log No. CTF-S-08-03915. IAB No. 0819226

-4-

XIII

On Dec. 21, 2011, this Court filed an "Order of Service" on Lieutenant C.C. Hancock, Lieutenant J. Vera, Appeals Coordinator P.A. Santiago, and Correctional Officer D. Branch at the California Training Facility in Soledad, California for violations of Plaintiff's First and Eight Amendments rights.

XIV

Defendant C.B. Tucker is a resident of State of California. At all times herein mentioned, she served as Correctional Captain at CSP-CTF-Soledad. Defendant Tucker, was responsible for the enforcement of rules, regulations, policies and procedures of the prison as applied to inmates under her charge. Defendant Tucker is sued herein in her individual and official capacity.

Defendant Tucker was the supervisor of Defendant C.C. Hancock. She knew that the charge of "threatening staff" was bogus, not because she was familiar with the Plaintiff, but she also knew that the Defendant Hancock was not a stable man.

Defendant Hancock, when he was a prison-guard, he fell off the gun-tower 2X! (According to C/O at Evenal Prison). On 7-21-2008, during CDC 114 hearing, she assured Plaintiff that he will be out of the Hole very shortly. However, she wrote on the CDC 114 that "Endangers Institution Security."

Defendant Tucker was the one who ordered Sgt. T. Lawson to take the pictures of Plaintiff's burned left-hand, in which, the Defendant Hancock did not approved or liked. Till this day, Pltf. have not received his pictures! 602's were blocked and denied by the Defendant P.A. Santiago! Plaintiff was ordered to go into Sgt. T. Lawson office to take the pictures. Instead, Sgt. E

-5-

Banales was in the office. Pltf. said: "Excuse me" and Lt./Sgt. E. Banales, chased after the plaintiff into the dayroom, and said: "Hey you motherfucker. Don't you be walkin there like that!"

Because of that extreme insult right at the front of the bunch of inmates, Pltf. filed a 602 against Sgt. Banales, Log No CTF-S-08-02077 (Later change to "Staff Complaint"). Did not take any physical action against him, or made any physical threat, and lived with him 21 days in the same unit. All the above named Defendants knew that the threatening staff charge was Bogus.

The bottom line is that "Staff complaint" went back to the warden, and on July 9, 2008 he issued that CDCR Memo, and that admitted that the "staff did violate CDCR policy!" That memo, Plaintiff's exculpatory evidence. Without that memo this Lawsuit would be impossible, and the Plaintiff would be cook.

## XV.

Defendant K. Huffman is a resident of State of California. At all times herein mentioned, he served as Correctional Lieutenant at CSP-CTF Soledad. Defendant Huffman was responsible for the enforcement of the rules, regulations, policies and procedures of the prison as applied to inmates under his charge. Defendant Huffman is sued herein in his individual and official capacity. Defendant Huffman signed 7-21-08 bogus "Reissue/Retain" Ad/Seg. Unit Placement Notice.

Despite the fact that he knew Plaintiff was not guilty of that bogus charge of threatening staff, and he knew that the warden issued a CDCR Memo and admitted "staff did violate CDCR policy", and he was the only one, argued with Plaintiff that the 115 for threatening staff was different

-6-

issue from the Warden's admission that the "staff did violate CDCR policy." Defendant Huffman was one of the ICC member who participated in Plaintiff's -5- months "Illegal SHU Term" and his name was indicated on the ICC chrono CDC128G Dated: 7-17-08.

XVI

Defendant H.K. Huihui, was at times relevant to this action served as Ad/Seg. Sgt. at CSP-CTF at Soledad is a resident of the State of California. Defendant Huihui was responsible for the enforcement of the rules, regulations, policies and procedures of the prison as applied to inmates under his charge.

Defendant Huihui in response to Plaintiff's letter regarding the subhuman-conditions in the Ad/Seg, he responded in writing on 7-09-08, and admitted that: "I am aware of the problem." "Inmate Bayramoglu you have listed litigitimate concerns... I spoke with psych. Joseph and he assured me that he did not receive any of your requests to see him."

He was the segregation unit commander and was responsible to ensured the safety and security of the Plaintiff, and yet he totally ignored Plaintiff's pleas for help! He is sued herein in his individual and official capacity, while acting under the color of state law.

XVII.

Plaintiff suffered greatly in the Ad/Seg. in CTF Soledad, under the subhuman conditions. Loss of appropriate nutrition, food has caused -17- lbs body weight. Slept on the halfy of mattress of min. -8- weeks. The mattress probably switched by the Defendant D. Branch, when Plaintiff was in the shower.

As a result, Plaintiff's hips were bruised and soured, and was always hurting. Yard time, Defendant Branch, will skip Plain-

-7-

tiff's cell-door and later accuse Plaintiff for not standing by his door and that's why he did not opened his door to go to the yard!

The loss of yard and exercise, sunshine, constant noise, loss of sleep caused weaken muscles, constant headaches, constant degradations by strip-searches, the denial of basic human needs such as proper hygienes, proper clothings and bedding, no pillows (I used newspapers and magazines for pillow.) Plaintiff looked very paled and weak when he got out of the Ad/Seg. Many other subhuman conditions are very well documented in Plaintiff's CDC 602 Log No. CTF-S-08-3435. 42 U.S.C § 1983 states in short: "...the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, suit in equity, or other proper proceedings for redress." The acts of the Defendants and each of them were done with the purpose and intent of subjecting Plaintiff to cruel and unusual punishment in violation of the First, Eighth, and Fourteenth Amendments to the U.S. Constitution, and these acts took place when the Defendants were very well aware of the "problem" when they were acting under the color of state law.

All of the of above state deprivations damaged Plaintiff "beyond-repair." The above all, the loss of blood and the liberty for ~15-more years after serving more than ~30-years for only ~15-years-to-life sentence, with the law that came into effect ~28-years after Plaintiff was sentenced. The reasonable official would know the consequences of his illegal actions and the deprivations of the Constitutional law, in the amount to be shown by proof in the excess fifteen million dollars, ($15,000,000.). PS: There is a foot print on the cdcr- CDCR Memo dated July 9, 08, issued by the Warden, that admitted: "Staff did violate CDCR policy."

-8-

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FIKRI BAYRAMOGLU,

    Plaintiff,

v.

E. BANALES, et al.,

    Defendants.

No. C 11-3556 YGR (PR)

**ORDER OF TRANSFER**

Plaintiff has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while housed at Chuckawalla State Prison, which lies in Riverside County. A substantial part of the events or omissions giving rise to the claims occurred, and the defendants named reside, in Riverside County, which lies within the venue of the Central District of California. *See* 28 U.S.C. § 84(b). Venue therefore properly lies in the Central District. *See id.* § 1391(b).

This action has been transferred twice before, apparently because plaintiff asserts that some of the actions described occurred in multiple districts. However, at this time, plaintiff himself asserts that he "was at all times relevant to this action a prisoner incarcerated at the Chuckawalla State Prison." (Am. Compl., Docket No. 23, at 5.) In order to prevent further delays and transfers, the Court hereby DISMISSES without prejudice any claims related to actions occurring in the Northern and Eastern Districts. Thus, the operative complaint now contains claims related only to actions occurring in the Central District. If plaintiff seeks

No. C 12-3556 YGR (PR)
ORDER OF TRANSFER

relief on his Northern or Eastern District claims, he may file separate civil rights actions in those districts. Any new action filed here in the Northern District may raise **only** those claims related to alleged constitutional violations that occurred here in the Northern District.

Accordingly, in the interest of justice, and pursuant to 28 U.S.C. § 1406(a), this action is hereby TRANSFERRED to the United States District Court for the Central District of California. The Clerk shall transfer this action forthwith.

**IT IS SO ORDERED.**

DATED: January 10, 2013

*/s/ Yvonne Gonzalez Rogers*
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FIKRI BAYRAMOGLU,

    Plaintiff,

v.

E. BANALES et al,

    Defendant.

Case Number: CV11-03556 YGR

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 10, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fikri Bayramoglu C-54604
California Men's Colony State Prison
PO Box 8101
San Luis Obispo, CA 93409-8101

Dated: January 10, 2013

                    Richard W. Wieking, Clerk
                    By: Frances Stone, Deputy Clerk

# MEMORANDUM

Exh. "B"
602 Log No: CTF-S-08-02077.



DATE:   May 29, 2008

TO:   Inmate: BAYRAMOGLU   CDC #: C54604   Housing: ZW-329L

SUBJECT:   *Inmate Appeal/Staff Complaint*

The Appeals Office has received your CDC 602, Inmate/Parolee Appeal form. In Section #B "Action Requested" you have alleged staff misconduct.

This memorandum is to notify you that ==Appeal Log #CTF-S-08-2077 dated 5/23/08, was reviewed by the Chief Deputy Warden(s), ISU Lieutenant, and Appeals Coordinator and is not considered a staff complaint== issue but is being processed as a program issue.

P. Santiago, CCII / P.G. Dennis, CCII
Appeals Coordinator
CTF-Soledad

cc:   Appeals Office File

July 21, 2008

To: J. Vera, Lt.
   After this Memo, and atch. I/M Appeal Assignment Notice: "==Staff Complaint==" Lt. Hancock, and you, had absolutely no legal authority to overruled your above noted Superiors, and issue CDC-114D/115 found me guilty for "specifically Threatened Staff!" They were the 1st official who received my 602, obviously, they did not believed that I threatened anyone, so where did you, and Lt. Hancock, get the "legal authority" to arrest me and found me guilty for threatened staff?
— 20-Days-Later!

J.B.

Attachment E-3

State of California

# Memorandum

Date : July 09, 2008

To : Bayramoglu, # C54604

Subject: STAFF COMPLAINT RESPONSE - APPEAL # CTF-S-08-02077

APPEAL ISSUE: That Sergeant Banales disrespected you.

DETERMINATION OF ISSUE: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any Internal Affairs investigation.

SUMMARY FOR APPEAL INQUIRY: You claim that Sergeant Banales observed you to enter the Z-Wing Sergeant's Office area and stated to you, "Don't walk in here like that mother fucker."

FINDINGS FOR AN APPEAL INQUIRY:

Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level.

Per the CCR Title 15, section 3084.1 (a) Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare.

☒ An inquiry into your allegation has been conducted.

☐ An investigation is being conducted by the Office of Internal Affairs

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. However, you have the right to be notified if after a review of your allegations, it is determined that staff violated CDCR policy. In this case:

☐ The (inquiry / investigation) is not yet complete

☒ The inquiry is complete. ==Staff did violate CDCR policy.==

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

_[signature]_
B. Curry, Warden