IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIKRI BAYRAMOGLU,<br><br>    Plaintiff,<br><br>  vs.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | No. C 13-1094 YGR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND SERVICE** |

## INTRODUCTION

Plaintiff, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a number of officials at the California Training Facility ("CTF") in Soledad, California, where Plaintiff was formerly incarcerated. Plaintiff names the following as Defendants: California Department of Corrections and Rehabilitation ("CDCR") Secretary Matthew Cate; CTF Warden Ben Curry; CTF Lieutenants C. C. Hancock and J. Vera; CTF Appeals Coordinator A. P. Santiago; CTF Correctional Officers D. Branch, C. B. Tucker, K. Huffman, and H. K. Huihui. Plaintiff seeks monetary damages. Plaintiff has been granted leave to proceed *in forma pauperis*.

## BACKGROUND

**I.    Case No. C 11-3556 YGR (PR).**

The claims in this action were previously filed in Plaintiff's prior civil rights action, Case No. C 11-3556 YGR (PR). In an Order dated January 10, 2013, the Court transferred that action to the Central District. The Court noted in its January 10, 2013 Order that his action had been transferred twice before, "apparently because [P]laintiff assert[ed] that some of the actions described occurred in multiple districts." (Jan. 10, 2013 Order in Case No. C 11-3556 YGR (PR) at 1.)

Prior to transferring that action, in an Order dated December 21, 2011, the Court served claims against Defendants Hancock, Vera, Santiago, and Branch under the First and Eighth Amendments. On March 19, 2102, Plaintiff filed an Amended Complaint. Thereafter, Defendants filed a "Motion for Screening of First Amended Complaint; Request to Vacate Current Scheduling Order and Set New Schedule in this Case."

In its January 10, 2013 Order, the Court reviewed Plaintiff's Amended Complaint, which stated that he "was at all times relevant to this action a prisoner incarcerated at the Chuckawalla State Prison." (Jan. 10, 2013 Order at 1 (citing Am. Compl. at 5).) The Court determined that "[a] substantial part of the events of omissions giving rise to the claims occurred, and the defendants named reside, in Riverside County, which lies within the venue of the Central District of California." (*Id.* (citing 28 U.S.C. § 84(b)).) The Court found that venue properly belonged in the Central District and ordered the Clerk to transfer the action to that district. (*Id.*) The Court dismissed without prejudice any claims related to actions occurring in the Northern and Eastern Districts. Thus, the operative complaint in his prior action would have only contained claims related only to actions occurring in the Central District. The Court instructed Plaintiff that if he sought relief on his Northern or Eastern District claims, he "may file separate civil rights actions in those districts." (*Id.* at 2.) Finally, the Court stated: "Any new action filed here in the Northern District may raise only those claims related to alleged constitutional violations that occurred here in the Northern District." (*Id.*)

## II. The Instant Action

On March 11, 2013, Plaintiff filed the instant action containing his Northern District claims from the aforementioned prior action, Case No. C 11-3556 YGR (PR). Therefore, the Court will review the instant complaint below.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement

need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.    Legal Claims

### A.    Retaliation

On May 21, 2008, Plaintiff filed a "staff complaint" against CTF Sergeant E. Banales. (Compl. at 3.)  Plaintiff claims that Defendant Hancock retaliated against Plaintiff by issuing a "bogus" disciplinary charge for "threatening" Sgt. Banales after Plaintiff filed the aforementioned staff complaint.  (*Id.*)  Plaintiff claims that Defendant Vera found him guilty of "Threatening Staff," and Plaintiff was assessed a sixty-day loss of good time credits as well as five months in the Secure Housing Unit ("SHU").  (*Id.*)  Plaintiff also claims that Defendant Santiago conspired with them by denying his appeal of the guilty finding.  (*Id.* at 2-3.)  Plaintiff claims that these actions violated his First and Fourteenth Amendments.

The fact that a prisoner may have been innocent of disciplinary charges does not raise a due process issue; the Constitution demands due process, not error-free decision-making.  *See Ricker v.*

3

*Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994). Therefore, Plaintiff's claim that Defendants Hancock and Vera violated his Fourteenth Amendment rights by disciplining him for charges of which he is innocent does not state a cognizable claim for relief.

Meanwhile, Plaintiff's allegations that the aforementioned disciplinary measures were taken for statements he made in his "staff complaint," and that these statements were protected by the First Amendment. When liberally construed, these allegations state a cognizable claim against Defendants Hancock, Vera, and Santiago under the First Amendment for retaliation for Plaintiff's exercise of his First Amendment rights. *See generally Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

### B. Claims Related to Administrative Appeals

Plaintiff claims that Defendant Santiago failed improperly processed and denied appeals of administrative grievances. The denial or failure to process administrative grievances to process administrative is not a cognizable claim for relief because there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Therefore, the Court does not find cognizable Plaintiff's claims against Defendant Santiago for denying administrative appeals and improperly processing them. Accordingly, Plaintiff's claim is DISMISSED.

### C. Excessive Force

Plaintiff alleges that after he was found guilty of the aforementioned disciplinary charge, Defendant Branch -- who was one of the "segregation officers" at the SHU -- read him his "CDC 114 lock-up order," "slammed [him] up against the wall," said "All you do is file a 602 . . . cuff up," and applied handcuffs on him unnecessarily tightly as well as high on his arms. (Compl. at 4.) When liberally construed, this claim is cognizable as a violation of the Eighth Amendment against Defendant Branch for the use of excessive force.

### D. Supervisory Liability

Plaintiff has sued Defendant Tucker as the "supervisor" of Defendant Hancock. Meanwhile, the Court assumes Plaintiff has named Defendants Cate and Curry, the CDCR Secretary and CTF Warden, respectively, because they are responsible for running the prison and should be liable for

4

the alleged retaliatory actions of their subordinates. This is a respondeat superior claim, that is, he seeks to hold Defendants Tucker, Cate and Curry liable as the superiors of the persons he contends violated his rights. This is, however, not a proper basis for Section 1983 liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The supervisory liability claim against Defendants Tucker, Cate and Curry is DISMISSED.

### E. Placement in the SHU

Plaintiff alleges that Defendants Huffman and Huihui are liable because of their involvement in placing him in the SHU constitutes cruel and unusual punishment under the Eighth Amendment. However, it is well established that the Eighth Amendment's prohibition against cruel and unusual punishment is not violated by classification programs which pursue "important and laudable goals" and are instituted under the state's authority to operate correctional facilities. *See Neal v. Shimoda*, 131 F.3d 818, 833 (9th Cir. 1997) (classification program designed to treat and reduce recidivism of sex offenders is well within state's authority to operate correctional facilities and does not violate contemporary standards of decency). Nor does misclassification inflict pain so as to be cruel and unusual punishment violative of the Eighth Amendment. *See Hoptowit v. Ray*, 682 F.2d 1237, 1255-56 (9th Cir. 1982) *overruled on other grounds*, *Sandin v. Conner,* 515 U.S. 472 (1995); *Ramos v. Lamm*, 639 F.2d 559, 566-67 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). Accordingly, Plaintiff's Eighth Amendment claim against Defendants Huffman and Huihui relating to his placement in the SHU is DISMISSED.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint states a cognizable claim against Defendants Hancock, Vera, and Santiago under the First Amendment for retaliation for Plaintiff's exercise of his First Amendment right. In addition, Plaintiff has stated a cognizable Eighth Amendment claim against Defendant Branch for the use of excessive force. Plaintiff's remaining claims are DISMISSED, as explained above.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and

all attachments thereto (Docket No. 1) and a copy of this Order to the following prison officials at CTF: **Lieutenants C. C. Hancock and J. Vera; Appeals Coordinator A. P. Santiago; and Correctional Officer D. Branch**. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the California State Attorney General's Office and to Deputy Attorney General Virginia Irene Papan, who represented these Defendants in Case No. C 11-3556 YGR (PR).[1] Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

      3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      4.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

      a.      No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the

---

[1] The Court notes Defendant Vera has retired; therefore, Attorney Papan would be able to inform the Court as to where this Defendant can be served.

events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt*, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

      d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

      e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6.      All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

8

1  while an action is pending must promptly file a notice of change of address specifying the new

2  address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail

3  directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

4  (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

5  *se* party indicating a current address. *See* L.R. 3-11(b).

6        8.    Extensions of time are not favored, though reasonable extensions will be granted.

7  Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the

8  deadline sought to be extended.

9      IT IS SO ORDERED.

10

11  DATED:   October 30, 2013                             _____
                                                                  **YVONNE GONZALEZ ROGERS**
                                                                  **UNITED STATES DISTRICT COURT JUDGE**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California