KAMALA D. HARRIS
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
ALICIA A. BOWER
Deputy Attorney General
State Bar No. 287799
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-4285
 Fax:  (415) 703-5843
 E-mail:  Alicia.Bower@doj.ca.gov
*Attorneys for Defendants G. Branch, P. Santiago, C  Hancock, and J. Vera*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **FIKRI BAYRAMOGLU,** <br><br> Plaintiff, <br><br> v. <br><br> **MATTHEW CATE, et al.,** <br><br> Defendants. | C 13-1094 YGR (PR) <br><br> **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br><br> Judge:  The Honorable Yvonne Gonzalez Rogers <br> Action Filed:  March 11, 2013 |

Defendants G. Branch, P. Santiago, C. Hancock, and J. Vera answer Plaintiff Fikri Bayramoglu's March 11, 2013 complaint as follows:

**I.  EXHAUSTION OF ADMINISTRATIVE REMEDIES**

A.  Answering Section I ("Exhaustion of Administrative Remedies"), paragraph A of the Complaint, Defendants admit that Plaintiff is currently housed at the California Men's Colony (the CMC).

B.  Answering Section I, paragraph B, Defendants admit that the CMC has grievance procedures.

1       C.      Answering Section I, paragraph C, Defendants admit that Plaintiff presented some of the facts in the Complaint through the grievance procedure.  Defendants deny that all of the facts in the Complaint were properly presented through the grievance procedure.

        D.      Answering Section I, paragraph D,

                1.      Subsection 3, Defendants admit that Plaintiff pursued inmate appeal numbers CTF-S-08-02077; CTF-08-02879; CTF-08-03409; CTF-08-03511; and CTF-08-03026 at the second formal level of review.

                2.      Subsection 4, Defendants lack sufficient knowledge to admit or deny Plaintiff's allegations at this time, and therefore deny them on that basis.

        E.      Answering Section I, paragraph E, Defendants admit that Plaintiff appealed inmate appeal numbers CTF-S-08-02077; CTF-08-02879; CTF-08-03409; CTF-08-03511; and CTF-08-03026 to the highest level available.  Defendants deny Plaintiff appealed all of the claims alleged in the Complaint to the highest level available.

**II.    PARTIES**

        A.      Answering Section II ("Parties"), paragraph A of the Complaint, Defendants admit that Fikri Bayramoglu (C-54604) is identified as the Plaintiff in this lawsuit and that his current address is CMC, P.O. Box 8103, San Luis Obispo, CA 93409-8103.

        B.      Answering Section II, paragraph B, Defendants admit Plaintiff's allegations with respect to Defendants Hancock, Vera, Santiago, and Branch.  To the extent that Plaintiff's allegations involve parties dismissed from the present case under the Court's October 30, 2013 Order of Partial Dismissal and Service (Docket No. 8), Defendants deny the allegations relative to those dismissed parties on that basis.

**III.   STATEMENT OF CLAIMS**

        A.      Answering Section III ("Statement of Claim"), page 3 of the Complaint, Defendants admit that Plaintiff filed a "Staff Complaint" regarding Sergeant E. Banales, inmate appeal log number CTF-S-08-02077.  Defendants also admit that a CDC 114 was issued to Plaintiff and was authorized by Defendant Hancock, but deny that Defendant Hancock retaliated against Plaintiff in any way in issuing this CDC 114.  Defendants deny that Defendant Hancock issued a "bogus

1  CDC 114/115" to Plaintiff.  Defendants further deny that Defendant Vera retaliated against

2  Plaintiff in any way.  Defendants lack sufficient knowledge to admit or deny the remainder of

3  Plaintiff's allegations, and therefore deny them on that basis.

4        B.     Answering Section III, continued at Plaintiff's numbered page 1 of 8, paragraph I,

5  Defendants admit Plaintiff's allegations.

6        C.     Answering Section III, continued at Plaintiff's numbered page 1 of 8, paragraph II,

7  Defendants admit Plaintiff's allegations.

8        D.     Answering Section III, continued at Plaintiff's numbered page 1 of 8, paragraph III,

9  Defendants deny Plaintiff's allegations.

10       E.     Answering Section III, continued at Plaintiff's numbered page 1 of 8, paragraph IV,

11 Defendants assert that the Court in this matter dismissed Plaintiff's claims against Defendant

12 Matthew Cate.  Defendants therefore deny the allegations relative to Defendant Cate on that basis.

13 Defendants lack sufficient knowledge to admit or deny Plaintiff's remaining allegations, and

14 therefore deny them on that basis.

15       F.     Answering Section III, continued at Plaintiff's numbered page 2 of 8, paragraphs V

16 and VI, Defendants assert that the Court in this matter dismissed Plaintiff's claims against

17 Defendant Ben Curry.  Defendants therefore deny the allegations relative to Defendant Curry on

18 that basis.  Defendants lack sufficient knowledge to admit or deny Plaintiff's remaining

19 allegations, and therefore deny them on that basis.

20       G.     Answering Section III, continued at Plaintiff's numbered page 2 of 8, paragraph VII,

21 Defendants admit Plaintiff's allegations.

22       H.     Answering Section III, continued at Plaintiff's numbered page 3 of 8, paragraph VIII,

23 Defendants admit that, on June 9, 2008, Plaintiff was issued a CDC 114 based on threatening

24 comments Plaintiff made to Sergeant E. Banales in a CDC 602 dated May 21, 2008.  Defendants

25 further admit that this CDC 114 was authorized by Defendant Hancock.  Defendants deny that

26 Defendant Hancock authorized this June 9, 2008 CDC 114 with a malicious or retaliatory

27 intention.  Defendants lack sufficient knowledge to admit or deny the remainder of Plaintiff's

28 allegations and therefore deny them on that basis.

3

Answer Compl. & Demand Jury Trial  (C 13-1094 YGR (PR))

1    I.    Answering Section III, continued at Plaintiff's numbered page 3 of 8, paragraph IX,
Defendants admit Plaintiff's allegations.

J.    Answering Section III, continued at Plaintiff's numbered page 3 of 8, paragraph X, Defendants admit that the June 9, 2008 CDC 114 issued to Plaintiff assessed 60 days forfeiture of prison credits. Defendants deny that the June 9, 2008 CDC 114 was a "bogus trumped-up-charge," or that Defendant Vera believed as such at any point. Defendants lack sufficient knowledge to admit or deny the remainder of Plaintiff's allegations, and therefore deny them on that basis.

K.    Answering Section III, continued at Plaintiff's numbered pages 3–4 of 8, paragraph XI, Defendants admit that Defendant Santiago was an Appeals Coordinator at the California Training Facility (CTF) in Soledad, California, and was a resident of California during the times relevant to the Complaint. Defendants lack sufficient knowledge to admit or deny the remainder of Plaintiff's allegations and therefore deny them on that basis.

L.    Answering Section III, continued at Plaintiff's numbered page 4 of 8, paragraph XII, Defendants admit that Defendant Branch is a resident of California, and that he served as a Correctional Officer at the CTF in Soledad, California. Defendants lack sufficient knowledge to admit or deny the remainder of the allegations at this time, and therefore deny them on that basis.

M.    Answering Section III, continued at Plaintiff's numbered page 5 of 8, paragraph XIII, Defendants admit Plaintiff's allegations.

N.    Answering Section III, continued at Plaintiff's numbered pages 5–6 of 8, paragraph XIV, Defendants assert that the Court in this matter dismissed Plaintiff's claims against Defendant C. B. Tucker. Defendants therefore deny the allegations relative to Defendant Tucker on that basis. Defendants lack sufficient knowledge to admit or deny Plaintiff's remaining allegations, and therefore deny them on that basis.

O.    Answering Section III, continued at Plaintiff's numbered pages 6–7 of 8, paragraph XV, Defendants assert that the Court in this matter dismissed Plaintiff's claims against Defendant K. Huffman. Defendants therefore deny the allegations relative to Defendant Huffman

1  on that basis.  Defendants lack sufficient knowledge to admit or deny Plaintiff's remaining

2  allegations, and therefore deny them on that basis.

3      P.    Answering Section III, continued at Plaintiff's numbered page 7 of 8, paragraph XVI,

4  Defendants assert that the Court in this matter dismissed Plaintiff's claims against Defendant

5  H. K. Huihui.  Defendants therefore deny the allegations relative to Defendant Huihui on that

6  basis.  Defendants lack sufficient knowledge to admit or deny Plaintiff's remaining allegations,

7  and therefore deny them on that basis.

8      Q.    Answering Section III, continued at Plaintiff's numbered pages 7–8 of 8,

9  paragraph XVII, Defendants deny Plaintiff's allegation that Defendants had the purpose or intent

10  of subjecting Plaintiff to cruel and unusual punishment.  Defendants deny that they violated

11  Plaintiff's First, Eighth, or Fourteenth Amendment rights under the U.S. Constitution.

12  Defendants lack sufficient knowledge to admit or deny the remainder of Plaintiff's allegations at

13  this time, and therefore deny them on that basis.

**IV.  RELIEF**

Answering Section IV ("Relief"), page 3, Defendants deny that Plaintiff is entitled to any relief for any claim brought in the Complaint.

**AFFIRMATIVE DEFENSES**

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendants allege as follows:

1. Defendants acted within the scope of reasonable discretion, with due care, and good faith in fulfillment of their responsibilities under all applicable statutes, rules, regulations, and practices; within the bounds of reason under all circumstances known, and with the good faith belief that their actions comported with all applicable federal and state law.  Defendants are thus entitled to immunity, including qualified immunity.

2. Plaintiff's Complaint fails to state a cause of action against Defendants.

3. Plaintiff's Complaint is barred, limited, or controlled by the Prison Litigation Reform Act.

4. Plaintiff failed to properly exhaust his administrative remedies.

5

Answer Compl. & Demand Jury Trial  (C 13-1094 YGR (PR))

5. Plaintiff has not been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

6. Plaintiff was careless, reckless, and negligent in and about the matters and things alleged in the Complaint, and proximately caused and contributed to whatever injury and/or damage he may have sustained, if any, and his recovery should be proportionately reduced according to the percentage of his fault.

7. In addition to Plaintiff's own negligence, any damages incurred by Plaintiff were directly and proximately caused and contributed to by other persons. Defendants' liability to Plaintiff, if any, should be allocated to Defendants in direct proportion to any percentage of faults attributable to them.

8. Plaintiff committed willful misconduct in and about the matters and things alleged in the Complaint, which proximately caused and contributed to whatever injury and/or damage he may have sustained, if any.

9. Defendants have performed all obligations to Plaintiff under any and all statutes described in the Complaint, and any deficiencies in performance were caused by Plaintiff and/or other individuals or entities not named as defendants.

10. Plaintiff's Complaint, and each cause of action, is barred by the statute of limitations under the applicable statutory provisions.

11. Plaintiff's damages, if any, were caused, in whole or in part, by the negligence or fault of others for which Defendants are not liable or responsible.

12. Plaintiff failed to mitigate his damages.

13. Defendants did not act with malicious intent or with reckless disregard and therefore are not liable for punitive damages.

14. The Eleventh Amendment bars suit for money damages against Defendants in their official capacity.

15. Defendants assert that Plaintiff's claims are barred by the unclean-hands doctrine.

16. Defendants assert that the Prison Litigation Reform Act bars recovery for mental and emotional damages without a prior showing of physical injury.

17. To the extent that Plaintiff has previously litigated the claims and issues raised in the Complaint, these claims and issues are barred by the doctrines of claim and issue preclusion.

18. Plaintiff's Complaint is couched in conclusory terms, and Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, to the extent that such affirmative defenses are applicable, is reserved.

## DEMAND FOR JURY TRIAL

Defendants demand that this matter be tried by and before a jury to the extent provided by law.

WHEREFORE, Defendants pray that:

1. Judgment be rendered in favor of Defendants and against Plaintiff;

2. Plaintiff take nothing by the Complaint;

3. Defendants be awarded costs of suit; and

4. Defendants be awarded such other and further relief as the Court may deem necessary and proper.

Dated: December 27, 2013                    Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General


/S/ ALICIA A. BOWER
ALICIA A. BOWER
Deputy Attorney General
*Attorneys for Defendants G. Branch, P. Santiago, C Hancock, and J. Vera*

SF2013406332
40841988.doc

# CERTIFICATE OF SERVICE

Case Name:  **F. Bayramoglu v. M. Cate, et al.**     No.  **C 13-1094 YGR (PR)**

I hereby certify that on <u>December 27, 2013</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>December 27, 2013</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Fikri Bayramoglu
CDCR# C-54604
California Mens Colony
P. O. Box 8101-11-11-L
San Luis Obispo. CA 93409-8101
*Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>December 27, 2013</u>, at San Diego, California.

C. Scott
Declarant

Signature

80853526.doc