IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FIKRI BAYRAMOGLU,

    Plaintiff,

vs.

MATTHEW CATE, et al.,

    Defendants.
_____/

No. C 13-1094 YGR (PR)

**ORDER GRANTING MOTION FOR REVOCATION OF *IN FORMA PAUPERIS* STATUS; VACATING ORDER GRANTING *IN FORMA PAUPERIS* STATUS; AND DISMISSING ACTION WITHOUT PREJUDICE TO FILING A MOTION TO REOPEN UPON PAYING FULL FILING FEE**

(Dkts. 20, 21)

Plaintiff, an inmate currently incarcerated at the California Men's Colony and frequent litigant in federal court, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He was previously granted leave to proceed *in forma pauperis* ("IFP"), and his first motion for appointment of counsel was denied. Plaintiff has since filed a second motion for appointment of counsel. Dkt. 20.

The parties are presently before the Court on Defendants' motion to revoke Plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g), and to dismiss the action without prejudice. Dkt. 21. Having read and considered the papers submitted, and being fully informed, the Court GRANTS the motion for the reasons set forth below.

**I.  BACKGROUND**

On March 11, 2013, Plaintiff filed his complaint, alleging constitutional violations that occurred while he was housed at the Correctional Training Facility ("CTF") in 2008 against the following Defendants: California Department of Corrections and Rehabilitation ("CDCR") Secretary Matthew Cate; CTF Warden Ben Curry; CTF Lieutenants C. C. Hancock and J. Vera; CTF Appeals Coordinator A. P. Santiago; CTF Correctional Officers D. Branch, C. B. Tucker, K. Huffman, and H. K. Huihui. Plaintiff seeks monetary damages.

On July 29, 2013, the Court granted Plaintiff's motion for leave to proceed IFP, and thereafter issued an Order of Partial Dismissal and Service on October 30, 2013. Upon its initial review of the complaint, the Court determined that Plaintiff had stated a cognizable claim against Defendants Hancock, Vera, and Santiago under the First Amendment for retaliation for Plaintiff's exercise of his First Amendment right. In addition, the Court found that Plaintiff has stated a cognizable Eighth

Amendment claim against Defendant Branch for the use of excessive force. The Court dismissed Plaintiff's remaining claims against the other Defendants named in his complaint.

As mentioned above, Defendants have filed a motion requesting the Court revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g). Plaintiff has filed an opposition, and Defendants filed a reply.

**II.     DISCUSSION**

    **A.     28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

Section 1915(g) is commonly referred to as the "three strikes rule." The three strikes rule "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "failed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted) ("*Andrews I*"). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. *See id.* Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews I* requires that the prisoner be given notice of the potential applicability of §

2

1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id.* A defendant seeking to challenge a prisoner's IFP status has the burden of producing evidence that allows the district court to conclude that the prisoner plaintiff has suffered at least three prior dismissals that count as strikes under § 1915(g). *Id.* at 1120. Once the defendants have met this initial burden, the burden shifts to the prisoner to show why a prior dismissal should not count as a strike, or why he is entitled to the imminent danger of serious physical injury exception. *Id.*

A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action. *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997) (affirming district court's denial of IFP status and dismissing complaint without prejudice under § 1915(g)).

### B. Plaintiff's Prior "Strikes"

At the time Plaintiff was granted leave to proceed IFP, the Court was unaware of the basis of the dismissals of his cases in other districts, i.e., the United States District Court for the Eastern and Central Districts of California. However, Defendants point out that a review of the dismissal orders in Plaintiff's prior prisoner actions reveals that he has had multiple cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Defendants argue that the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) *Bayramoglu v. Gomez, et al.*, No. 1:03-cv-06332-AWI-SMS (E.D. Cal. Apr. 19, 2004) (civil rights action dismissed as barred by the applicable statute of limitations.); (2) *Bayramoglu v. Gomez, et al.*, No. 2:10-cv-00328-EFB (E.D. Cal. July 4, 2011) (civil rights complaint dismissed for failure to state a claim upon which relief may be granted); (3) *Bayramoglu v. Gomez, et al.*, No. 2:10-cv-00328-EFB (E.D. Cal. Nov. 9, 2011) (civil right amended complaint dismissed for the same reason); and (4) *Bayramoglu v. Gomez, et al.*, No. 2:12-cv-02886-KJM-JFM (E.D. Cal. Jan. 29, 2013) (dismissed due to Plaintiff's improper "judge-shopping"); (5) *Bayramoglu v. Gomez, et al.*, No. 2:12-cv-02886-KJM-JFM (9th Cir. Feb. 27, 2013) (Ninth Circuit found that the appeal was "so insubstantial as to not warrant further review"); (6) *Bayramoglu v. Banales, et al.*, No. 2:10-cv-09692 (C.D. Cal. Apr. 24, 2013 (denying Plaintiff's request for IFP status and specifically holding that the decision "constitutes a strike" under 28 U.S.C. § 1915(g)); and (7) *Bayramoglu v. Banales, et al.*, No.

2:10-cv-0 9692-PSG-PJW (9th Cir. June 20, 2013) (after reviewing the notice of appeal and accompanying documents, Ninth Circuit found that it was "so insubstantial as to not warrant further review)".  Dkt. 22, Exs. A-V.

Although Defendants have listed multiple dismissals, only three prior dismissals need to qualify under § 1915(g).  This Court must review at least three dismissals to determine whether they qualify as "strikes" under § 1915(g).  *See Andrews I*, 398 F.3d at 1121.  Plaintiff's dismissals in Case Nos. 1:03-cv-06332-AWI-SMS, 2:10-cv-09692-PSG-PJW, and 2:12-cv-02886-KJM-JFM may be counted as dismissals for purposes of § 1915(g).[1]  As further explained below, these dismissals all qualify as "strikes" under § 1915(g).  *See id.*

### 1.     Case No. 1:03-cv-06332-AWI-SMS - First Strike

In Case No. 1:03-cv-06332-AWI-SMS, Plaintiff was granted IFP status on October 17, 2003. Dkt. 22, Ex. B at 1–2.  The magistrate judge of the Eastern District Judge screened Plaintiff's complaint under 28 U.S.C. § 1915A and, on February 12, 2004, recommended the action be dismissed with prejudice on the ground that it was barred by the statute of limitations.  Dkt. 22, Ex. C at 2–3.  On April 20, 2004, the Eastern District Judge issued an order adopting in full the recommendation of the magistrate judge and dismissed Plaintiff's claims with prejudice because they were time-barred.  Dkt. 22, Ex. D at 3.  Judgment was entered on April 21, 2004.  Dkt. 22, Ex. E at 1.

Here, Plaintiff fails to provide persuasive evidence that rebuts the showing by Defendants. The Ninth Circuit has held that a "claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).  As

---

[1] In Case No. 2:10-cv-00328-EFB (E.D. Cal. Feb. 8, 2010), Plaintiff requested IFP status on February 25, 2010, which was granted by the Eastern District on January 4, 2011.  Dkt. 22, Ex. H at 5.  On January 4, 2011, the Eastern District screened Plaintiff's complaint under 28 U.S.C. § 1915A and dismissed it with leave to amend.  *Id.* at 3, 5.  After Plaintiff filed an amended complaint, the Eastern District again conducted a screening under 28 U.S.C. § 1915A, and again found that Plaintiff failed to state a cognizable claim for relief.  Dkt. 22, Ex. I at 3-4.  Accordingly, the Eastern District dismissed Plaintiff's amended complaint with leave to file a second amended complaint.  *Id.*  The docket then shows that on February 1, 2012, Plaintiff filed a notice of voluntary dismissal.  Dkt. 22, Ex. F at 2.  Pursuant to that notice, the Clerk of the Eastern District dismissed the case without prejudice.  Therefore, the Court finds that -- contrary to Defendants' claims -- Plaintiff does not have two "strikes" from Case No. 2:10-cv-00328-EFB.

4

mentioned above, the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation. Therefore, the dismissal in Case No. 1:03-cv-06332-AWI-SMS constitutes a qualifying dismissal.

### 2. Case No. 2:10-cv-09692-PSG-PJW - Second and Third Strikes

In Case No. 2:10-cv-09692-PSG-PJW, Defendants argue that Plaintiff "caused two 'strikes' under 28 U.S.C. § 1915(g)." Dkt. 21-1 at 6 citing Dkt. 22, Exs. J-O.

On December 16, 2010, Plaintiff requested IFP status. Dkt. 22, Ex. K at 1. The Central District Judge denied Plaintiff's request in an April 24, 2013 Order and dismissed the action with prejudice as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) and as being duplicative of "Case No. ED CV 11-678-PSG (PJW)." Dkt. 22, Ex. L at 2-3. In its April 24, 2013 Order, the Central District specifically held that its denial of Plaintiff's request for *in forma pauperis* status "constitutes a strike" for purposes of the "so-called 'three-strikes' provision" under 28 U.S.C. § 1915(g). *Id.* at 3. Judgment was entered dismissing Plaintiff's complaint with prejudice on April 24, 2013. Dkt. 22, Ex. M at 1.

On May 22, 2013, Plaintiff appealed the Central District Judge's dismissal of the case to the Untied States Court of Appeals for the Ninth Circuit. Dkt. 22, Ex. N. The Ninth Circuit issued an Order on June 20, 2013, finding that, after reviewing Plaintiff's notice of appeal and accompanying documents, Plaintiff's appeal would "not be permitted to proceed" because it was "so insubstantial as to not warrant further review." Dkt. 22, Ex. O at 1.

Here, in an effort to provide persuasive evidence that rebuts the aforementioned showing by Defendants, Plaintiff cites and provides as evidentiary support a Complaint of Judicial Misconduct that he filed on July 10, 2013 with respect to Central District Judge Philip S. Gutierrez and Magistrate Judge Patrick J. Walsh, who signed the April 24, 2013 dismissal order in Case No. 2:10-cv-09692-PSG-PJW. Dkt. 25 at 3. While Plaintiff's judicial misconduct complaint appears to be related to the aforementioned dismissal, Case No. 2:10-cv-09692-PSG-PJW, he fails to explain how his judicial misconduct complaint disqualifies any of the related "strikes" identified by Defendants. Furthermore, he provides no legal authority to support such an assertion. Therefore, the Court finds Plaintiff's arguments unavailing; therefore, he has failed to provide persuasive evidence

that rebuts the showing above by Defendants.

Accordingly, this Court finds that the dismissals by the Central District and the Ninth Circuit filed in Case No. 1:03-cv-06332-AWI-SMS both constitute as qualifying dismissals. First, the Ninth Circuit has not yet addressed whether a dismissal pursuant to *Heck* constitutes a strike under § 1915(g). *See Andrews v. Cervantes*, 493 F.3d 1047, 1052 n.2 (9th Cir. 2007) ("*Andrews II*"). But other circuit courts of appeals that have addressed the issue have held that *Heck* dismissals are for failure to state a claim and constitute a "strike" under § 1915(g). *See Hamilton, v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A [section] 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."). As such, the dismissal of the initial complaint in Case No. 1:03-cv-06332-AWI-SMS pursuant to *Heck* constitutes a "strike" under section 1915(g). *See id.* Second, this Court may count as strikes dismissals of appeals, not just the dismissals of district court cases. *See Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and three frivolous appeals before being barred by § 1915(g)). Here, the record shows that Plaintiff's May 22, 2013 appeal was determined to be "so insubstantial" by the Ninth Circuit and, thus, the appeal was of so "little weight and importance" that it constitutes a "strike" under the frivolous prong of 28 U.S.C. § 1915(g). *See Andrews I*, 398 F.3d at 1121.

Therefore, the dismissal of the complaint by the Central District *and* the dismissal of the appeal by the Ninth Circuit in Case No. 1:03-cv-06332-AWI-SMS both constitute as qualifying dismissals.

### 3. Case No. 2:12-cv-02886-KJM-JFM - Fourth and Fifth Strikes

In Case No. 2:12-cv-02886-KJM-JFM, Defendants argues that Plaintiff "caused two 'strikes' under 28 U.S.C. § 1915(g)." Dkt. 21-1 at 6 citing Dkt. 22, Exs. P-V.

On November 28, 2012, Plaintiff requested IFP status. Dkt. 22, Ex. Q at 1. On December 19, 2012, the magistrate judge of the Eastern District Judge screened the complaint under 28 U.S.C. § 1915A and recommended that the case be dismissed based on Plaintiff's improper "judge-shopping." Dkt. 22, Ex. R 1-2. It seems that Plaintiff had prepared a second amended complaint for a prior action in the Eastern District, Case No. 2:10-cv-00328-EFB, but he did not

6

submit it in that action "because of [his] mistrust for" the magistrate judge assigned to that action. As mentioned above, instead, Plaintiff filed a notice of voluntary dismissal in Case No. 2:10-cv-00328-EFB. *See supra* note 1. Thus, the magistrate judge in the newer action, Case No. 2:12-cv-02886-KJM-JFM, found that Plaintiff "may not dismiss and refile an action in an effort to get a new judge." Dkt. 22, Ex. R at 2 citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). On January 29, 2013, the Eastern District Judge adopted in full the magistrate judge's findings and dismissed the action. Dkt. 22, Ex. S at 1-2. A judgment reflecting the same was entered on January 29, 2013. Dkt. 22, Ex. T at 1.

Here, Plaintiff fails to provide persuasive evidence that rebuts the showing by Defendants. The United States Supreme Court has held that judge-shopping clearly constitutes "conduct which abuses the judicial process." *Chambers v. NASCO*, Inc. 501 U.S. 32, 44-45 (1991). Similarly, the Ninth Circuit has acknowledged certain occasions when district court judgment make "detailed and well-supported findings that appellant had engaged in 'judge-shopping' and filed frivolous complaints in the underlying litigation." *Dixon v. Caulfield*, 1999 WL 997288, at *1 (9th Cir. 1999). Therefore, the dismissal of this action at the district court level constitutes a "strike" under the frivolous prong of 28 U.S.C. § 1915(g). *Andrews I*, 398 F.3d at 1121.

On February 7, 2013, Plaintiff appealed the Eastern District's dismissal of the case to the Ninth Circuit. Dkt. 22, Ex. U. The Ninth Circuit issued an Order on February 27, 2013, finding that, after reviewing the notice of appeal and accompanying documents, Plaintiff's appeal was dismissed because it was "so insubstantial as to not warrant further review." Dkt. Ex. V at 1. Just like his other appeal above, the record shows that Plaintiff's February 7, 2013 appeal was determined to be "so insubstantial" by the Ninth Circuit and, thus, the appeal was of so "little weight and importance" that it constitutes a "strike" under the frivolous prong of 28 U.S.C. § 1915(g). *See Andrews I*, 398 F.3d at 1121.

Therefore, the dismissal of the complaint by the Eastern District *and* the dismissal of the appeal by the Ninth Circuit in Case No. 2:12-cv-02886-KJM-JFM both constitute as qualifying dismissals.

In sum, Plaintiff's five aforementioned dismissals constitute "strikes" under § 1915(g). Thus,

Plaintiff's IFP status must be revoked unless he can show that he is entitled to the imminent danger of serious physical injury exception under § 1915(g).

### C. Imminent Danger Exception

A plaintiff barred from bringing an action IFP because he has three strikes may still proceed without prepaying court fees if he can show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the exception turns on the "conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews II*, 493 F.3d at 1053. As this is merely a "threshold procedural" question, the Ninth Circuit has indicated that district courts should not conduct an overly detailed inquiry into whether a particular danger is serious enough under the serious physical injury prong. *Id.* at 1055. Rather, "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* In order to satisfy the imminence prong, the prisoner must allege that the danger is ongoing. *See id.* at 1056-57 (prisoner who alleges that prison officials continue with practice that has injured him satisfies ongoing danger standard and meets imminence prong of three-strike exception).

A district court should liberally construe the allegations in a complaint filed by a *pro se* prisoner facing a § 1915(g) bar. *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002) (liberally construing allegations in complaint for initial determination of whether prisoner is under imminent danger of serious physical injury). It is sufficient if any part of the complaint plausibly alleges that the prisoner is in imminent danger of serious physical injury at the time of filing. *Andrews II*, 493 F.3d at 1053.

Here, Plaintiff makes no plausible allegation that he faced an imminent danger of serious physical injury at the time he filed his complaint. As noted earlier, Plaintiff states two claims for relief under section 1983: (1) Defendants Hancock, Vera and Santiago retaliated against him (by allegedly wrongfully disciplining him for making staff complaints); and (2) Defendant Branch used excessive force against him. Plaintiff did not allege that he was under any imminent danger of serious physical injury at the time he filed his complaint. *See* Dkt. 1. Even when liberally construed, it cannot be said that Defendants' allegedly retaliatory actions or action of using excessive

force (during one specific incident involving handcuffs) placed Plaintiff under imminent danger of serious physical injury at the time of filing. *See* Dkt. 8 at 3-4. The disciplinary charge and handcuffing incident alleged in Plaintiff's complaint seem to be isolated incidents that occurred and ended years before the filing of this lawsuit. Dkt. 1 at 1-4. Moreover, Plaintiff is currently housed at different institution from where the incident occurred where none of the Defendants are employed. *Id.* at 1-2.

In his opposition to Defendants' motion, Plaintiff states that he "meets the imminent danger requirements for the very fact because of this 'retaliation lawsuit' he suffered --15-year denial of parole, after serving 30 years for [an] only 10 year sentence, a manslaughter case at best." Dkt. 25 at 4-5. However, an extended prison sentence or denial of parole does not necessarily implicate an imminent danger of serious bodily harm as required under 28 U.S.C. § 1915(g). *See Andrews II*, 493 F.3d at 1052. Contrary to Plaintiff's assertions, a denial of parole and an extended prison sentence does not necessarily involve an immediate risk of serious physical harm, unlike the dangers of ongoing physical assault or contagious disease. *See id.* at 1054. Even assuming Plaintiff "suffered" an unfair denial of parole or an undeserved extended sentence, those allegations alone fail to demonstrate that Plaintiff was at risk of an ongoing serious physical injury at the time he filed his complaint. *See id.* Therefore, Plaintiff is not entitled to benefit from the "imminent-danger" exception.

Accordingly, Plaintiff has not shown that he is entitled to the imminent danger exception under § 1915(g) to avoid dismissal without prejudice. Plaintiff's IFP status is therefore revoked. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (revoking IFP status on appeal on three-strikes grounds); *Patton v. Jefferson Corr. Center*, 136 F.3d 458, 461, 465 (5th Cir. 1998) (district court correctly revoked IFP upon discovering on remand that plaintiff had five prior strikes).

### III.   CONCLUSION

For the reasons outlined above, the Court rules as follows:

1. Defendants' motion to revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g) is GRANTED. Dkt. 21. Leave to proceed IFP is REVOKED, and the portion of the Court's July 29, 2013 Order granting Plaintiff IFP status (Dkt. 7) is VACATED.

9

2.	This case is DISMISSED without prejudice to Plaintiff's filing a motion to reopen no later than **twenty-eight (28) days** from the date of this Order accompanied by the full filing fee of $350.00. *See* 28 U.S.C. § 1915(g).

3.	The Clerk of the Court shall terminate all other pending motions as moot, including Plaintiff's second motion for appointment of counsel, and close the file. Dkt. 20.

4.	This Order terminates Docket Nos. 20 and 21.

IT IS SO ORDERED.

DATED: July 23, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**