UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIKRI BAYRAMOGLU,<br><br>   Plaintiff,<br><br> vs.<br><br>MATTHEW CATE, et al.,<br><br>   Defendants. | No. C 13-1094 YGR (PR)<br><br>**ORDER CERTIFYING THAT APPEAL IS NOT TAKEN IN GOOD FAITH; AND TERMINATING ALL PENDING MOTIONS** |

  This closed federal civil rights action, which is currently on appeal, was filed by a *pro se* state prisoner. In an Order dated July 23, 2014, the Court granted Defendants' motion to revoke Plaintiff's *in forma pauperis* ("IFP") status under 28 U.S.C. § 1915(g) and dismissed this action without prejudice to him filing a motion to reopen within twenty-eight days accompanied by the full filing fee of $350.00. Dkt. 27.

  To date, Plaintiff has neither filed a motion to reopen nor paid the full filing fee. Instead, on August 13, 2014, Plaintiff filed a notice of appeal and a motion to proceed IFP on appeal. Dkts. 30, 34. Plaintiff has also filed a motion entitled, "Motion for Summary Judgment." Dkt. 28. Defendants have filed a motion for extension of time to respond to Plaintiff's motion. Dkt. 29.

  A prisoner must seek leave to proceed IFP on appeal in the district court. *See* Fed. R. App. P. 24(a). As in the district court, a prisoner proceeding IFP on appeal will be required to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1).

  Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides that a party granted leave to proceed IFP in district court may continue in that status on appeal unless the district court certifies that the appeal is not taken in good faith. Section 1915(a)(3) of Title 28 of the United States Code similarly provides that an appeal may not be taken IFP if the district court certifies it is not taken in good faith. "Not taken in good faith" means "frivolous." *Ellis v. United States*, 356 U.S. 674,

674-75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

If the district court finds that the appeal is frivolous and not taken in good faith and revokes IFP status, or if the prisoner never had such status (as in Plaintiff's case here) and moves in the Ninth Circuit to proceed IFP, the Ninth Circuit will conduct an independent review of the record to determine whether the appeal is frivolous. The Ninth Circuit will decide whether to grant the prisoner IFP status. If IFP status is denied by the Ninth Circuit, the prisoner will nonetheless be directed to pay the entire filing fee and to show cause why the appeal should not be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2).

Because the Court's ruling was clearly correct, it is CERTIFIED that this appeal is frivolous and therefore any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous). The motion to proceed IFP on appeal (dkt. 34) is therefore DENIED.

The Clerk of the Court shall forthwith notify Plaintiff and the Court of Appeals of this Order. *See* Fed. R. App. P. 24(a)(4). Plaintiff may file a motion for leave to proceed IFP on appeal in the Court of Appeals within thirty days after service of notice of this Order. *See* FRAP 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

Because this case is closed, the aforementioned motions filed by the parties (dkts. 28, 29) are TERMINATED as moot.

This Order terminates Docket nos. 28, 29 and 34.

IT IS SO ORDERED.

DATED:  September 23, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**