UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIKRI BAYRAMOGLU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-01094-YGR (PR)<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT; AND DENYING<br>PLAINTIFF'S CROSS-MOTION FOR<br>SUMMARY JUDGMENT** |

Plaintiff Fikri Bayramoglu, a frequent litigant in federal court, brings the instant *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, stemming from alleged constitutional violations that occurred in 2008 while he was incarcerated at the California Training Facility ("CTF"). Plaintiff seeks monetary damages. Upon reviewing the complaint, the Court found Plaintiff had stated cognizable claim against: (1) CTF Lieutenants C. C. Hancock and J. Vera as well as CTF Appeals Coordinator A. P. Santiago for retaliation for Plaintiff's exercise of his First Amendment rights; and (2) CTF Correctional Officer D. Branch for the use of excessive force in violation of the Eighth Amendment. Dkt. 8 at 3-5. All other remaining claims were dismissed. *See id.*

The parties are presently before the Court on Defendants' Motion for Summary Judgment.[1] Dkt. 54. Defendants contend that Plaintiff's aforementioned claims are barred as a result of prior state court and federal court judgments entered in actions arising from the same incident in this federal action. In the alternative, Defendants move for summary judgment on the ground that the action is barred by the applicable statute of limitations. Plaintiff filed an opposition to Defendants' motion and also a cross-motion for summary judgment. Dkt. 59.

---

[1] In support of their motion for summary judgment, Defendants have filed an unopposed request for judicial notice ("RJN"). Dkt. 55. Defendants request the Court take judicial notice of "the existence and content of the court records outlined below from Plaintiff Fikri Bayramoglu's previous state-court proceedings in the Superior, Appellate, and Supreme Courts of California, Case Nos. HC6521, E047969, and S172001" as well as "Plaintiff's previous federal-court proceedings in the District and Appellate Courts, Case Nos. CV 09-4357-PSG (PJW) and 07-80059." *Id.* at 1. Good cause appearing, Defendants' RJN is GRANTED. The Court may take judicial notice of the aforementioned documents because "a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Defendants filed an opposition to Plaintiff's cross-motion. Dkt. 67. Plaintiff thereafter filed a reply to Defendants' opposition. Dkt. 68.

Having read and considered the papers submitted in connection with this matter, the Court GRANTS Defendants' motion for summary judgment and DENIES Plaintiff's cross-motion.

## I. BACKGROUND

### A. Factual Summary

As mentioned above, Plaintiff was previously incarcerated at CTF in 2008. In the instant complaint, Plaintiff alleges that on May 21, 2008, he submitted a "staff complaint" against CTF Sergeant E. Banales, who is not a named defendant in this action. Dkt 1 at 3. Plaintiff claims that Defendant Hancock retaliated against Plaintiff by issuing a "bogus" disciplinary charge for "threatening" Sgt. Banales after Plaintiff filed the aforementioned staff complaint. *Id.* Plaintiff claims that on June 20, 2008, Defendant Vera found him guilty of "Threatening Staff," and Plaintiff was assessed a sixty-day loss of good time credits as well as five months in the Secure Housing Unit ("SHU"). *Id.* Plaintiff also claims that Defendant Santiago conspired with them by denying his 602 inmate appeal of the guilty finding. *Id.* at 2-3. As mentioned above, the Court found that Plaintiff's allegations stated a cognizable claim of retaliation.

Plaintiff further alleges in his complaint that after he was found guilty of the aforementioned disciplinary charge, Defendant Branch—who was one of the "segregation officers" at the SHU—read him his "CDC 114 lock-up order," "slammed [him] up against the wall," said "All you do is file a 602 . . . cuff up," and applied handcuffs on him unnecessarily tightly as well as high on his arms. *Id.* at 4. Again, as mentioned above, the Court found that when liberally construed, this claim was cognizable as a violation of the Eighth Amendment against Defendant Branch for the use of excessive force.

The Court notes that Plaintiff was thereafter transferred to Avenal State Prison, and his eventual release from ASU became effective upon his arrival there on September 30, 2008. Dkt. 55-4 at 17. Plaintiff is no longer incarcerated at a prison in the United States of America because, on April 9, 2015, he was transferred back to Turkey pursuant to the "U.S.-Turkey Prisoner Transfer Treaty." Dkt. 48 at 2.

**B.     State Court Actions**

**1.  *In re Fikri Bayramoglu*, Monterey County Superior Court**

On January 29, 2009, Plaintiff filed a Petition for Writ of Habeas Corpus in the Monterey County Superior Court, which the state superior court denied on March 16, 2009 in a reasoned opinion. *See In re Fikri Bayramoglu (C-54604)*, HC 6521; RJN Ex. A, Dkt. 55-1; Dkt. 65-1 at 1-12. According to the state superior court's denial, Plaintiff had raised the following claims: (1) being "illegally placed into administrative segregation for five months," and during which time frame, "his personal property was stolen, lost or destroyed;" and (2) that his central file was "grossly contaminated" with the imposition of illegal SHU terms on August 27, 1997 and June 9, 2008." Dkt. 55-1 at 2; *see also* Dkt. 65-1 at 4-10.[2]  This Court notes that Plaintiff also raised his excessive force claim against Defendant Branch in his state superior court petition. Dkt. 65-1 at 8.

In its March 16, 2009 Order denying the petition, the state superior court noted the following background facts:

> On June 20, 2008, Petitioner was found guilty of a violation of CCR § 3005(c), for the specific act of threatening staff. He was assessed 60 days forfeiture of credits, consistent with a Division "E" offense, and referred to UCC for program review/transfer. (See Rules Violation Report (RVR) Log No. I-06-08-08 dated 6/9/08.)
>
> He submitted an appeal Log No. CTF-08-02879 regarding the RVR and the finding of guilt, and on December 18, 2008, his appeal was denied at the Director's level.

*Id.* at 1. The state appellate court further noted that the record showed that the evidence used to render the guilty finding included:

> 1) The information provided in the RVR Log No. I-06-08-08 dated 6/9/08, in which Reporting Employee (R.E.) C. Hancock documents in part: Inmate Bayramoglu wrote "I'd of not only Fuck Sgt. Banales' Mother, I'd fuck his world up because I really believe that the disrespectful motherfuckers must be put in check" in the form of an Inmate Appeals CDC-602 dated 5/21/08 (Log. No. 08-02077);
>
> 2) Information provided by Inmate Bayramoglu where he stated during the hearing that he is Turkish and gets very passionate and loud just like Italians, which he is aware of;
>
> 3) Reporting Employee, Lieutenant Hancock, documents that Inmate

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

> Bayramoglu stated, "I wrote the 602 and what you are doing is illegal," leading the [Senior Hearing Officer ("SHO")] to believe that the intent of a threat towards Sergeant Banales is actual and real; and
>
> 4) Inmate Bayramoglu became loud, boisterous, and unruly during the hearing and several times th[e] SHO had to order him to calm down so that [the SHO] could resume with the CDC-115 process.
>
> Based on this evidence the SHO found that:
>
>> "Inmate Bayramoglu insists that he did not threaten anyone. However, after reviewing all of the evidence which consists of the RVR, written CDC-602, in addition to his own testimony at the RVR hearing, th[e] SHO is convinced that Inmate Bayramoglu would somehow carry out his threat on Sergeant Banales given the chance. He claimed to be a hot tempered Turk coupled with the fact that during his testimony he became irritable, loud and at times out of control this SHO had an Officer standing by during the RVR hearing just to keep Inmate Bayramoglu under control.
>>
>> It is reasonable to believe in this circumstance the perception of a threat existed."

*Id.* at 3-4. The state superior court determined that the SHO's finding that Plaintiff was guilty of the specific act of threatening staff was "supported by some evidence in the record." *Id.* at 4.

The state superior court also gave the following facts relating to Plaintiff's placement in administrative segregation:

> On June 9, 2008, Petitioner was placed in administrative segregation, based on RVR Log No. I-06-08-08 dated 6/9/08. According to the ASU Placement Notice, which set forth the reasons for his placement in ASU, due to the threats against Sgt. Banales, Petitioner's presence in the general population presented an immediate threat to the safety of self and others. On June 19, 2008, Petitioner appeared before the Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) for his initial ASU review. Based upon a review of the ASU Placement Notice, his central file, case factors, and a discussion with Petitioner, the committee elected to confirm ASU retention for 60 days to complete the RVR process.
>
> On July 17, 2008, the ICC assessed a mitigated SHU confinement time of 4 months, commencing June 9, 2008, with a minimum early release date of September 9, 2008 and a maximum release date of October 9, 2008. The SHU Term Assessment Worksheet reflects that the total confinement time of 4 months represented the "expected" (i.e. mid-range) of 5 months minus 1 month subtracted for mitigation.
>
> The ASU Placement "Reissue/Retain" Notice dated July 20, 2008, states that Petitioner has been found guilty of the charge of threatening staff (RVR Log No. I-06-08-08), and that a four-month

4

>mitigated term has been assessed. Such Notice reflects the reason for placement is that Petitioner "endangers institutional security." Further, it asserts that a pre-MERD review was conducted in ICC and that Petitioner's ASU placement has changed to "Pending Transfer to an alternate Level II institution.["] The Petitioner does not contain documentation regarding the pre-MERD review conducted by ICC.
>
>Petitioner submitted an inmate appeal Log No. CTF-08-03409 regarding the assessed SHU term, and on February 5, 2009, his appeal was denied at the Director's Level.

*Id.* at 4-5. In denying Plaintiff's claim relating to his alleged illegal ASU placement and SHU term imposition on June 9, 2008, the state superior court found that his "placement and retention in ASU and the assessment of the mitigated conferment time of 4 months is supported by some evidence in the record." *Id.* at 5.

The state superior court also denied Plaintiff's remaining claims relating to the loss of his personal property and the alleged illegal SHU term imposition on August 27, 1997[3], upon finding that he "ha[d] failed to state with particularity the facts upon which relief should be granted and ha[d] failed to provide reasonably available documentary evidence supporting his claims." *Id.* at 5-6. In addition, the state superior court noted that Plaintiff had failed to allege facts showing he exhausted his administrative remedies as to those claims. *Id.*

Therefore, the state superior court denied all claims in Plaintiff's state habeas petition. *Id.* at 6.

### 2. *In re Fikri Bayramoglu*, California Court of Appeal

After the denial of his state superior court habeas petition, Plaintiff filed Petition for Writ of Habeas Corpus in the Fourth Appellate District of the California Court of Appeal on March 25, 2009. *See In re Fikri Bayramoglu (C-54604)*, E047969; RJN Ex. B, Dkt. 55-2.

In this state appellate court habeas petition, Plaintiff initially only claimed that his petition concerned "'illegal' [ASU] placement and destruction of personal property." Dkt. 55-2 at 3. However, Plaintiff added additional claims in this petition, including the following claims: (1) he

---

[3] The state superior court also found that Plaintiff's claim relating to the August 27, 1997 SHU term imposition was untimely and that he failed to show "that his delay was justified by the recent discovery of new legal or factual bases in support of his claim, or that his claim falls within an exception to the timeliness bar. Dkt. 55-1 at 6.

1  suffered retaliation because he "filed a 'Citizen-Complaint' Log #CTF-S-08-02077, on Sgt. E.
2  Banales, who [cussed] at my dear dead mom . . . ."; (2) his "Central File [was] 'Tempered' [sic]
3  [with] and grossly contaminated, and that [Defendant] Santiago is an unscrupulous crook that . . .
4  cannot be trusted"; and (3) that Defendant Branch injured Plaintiff when Plaintiff was placed in
5  ASU on the "bogus threatening staff charge." *Id.* at 5-6.

6  On April 7, 2009, the Court of Appeal issued a summary denial of Plaintiff's petition. RJN
7  Ex. C, Dkt. 55-3.

### 3. *In re Bayramoglu (Fikri) on H.C.*, California Supreme Court

On April 13, 2009, Plaintiff filed a petition for review in the California Supreme Court on April 13, 2009. *See In re Bayramoglu (Fikri) on H.C.*, S172001; RJN Ex. D; Dkt. 55-4. On June 10, 2009, the California Supreme Court issued a summary denial of the petition for review. RJN Ex. E; Dkt. 55-5.

### C.   *In re Fikri Bayramoglu,* Case No. CV-09-4357 (Central District of California)

On June 17, 2009, Plaintiff initiated his first federal habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of California. *See In re Fikri Bayramoglu*, Case No. CV-09-4357; RJN Ex. F; Dkt. 55-6. He raised the following four claims, including that: (1) he was "illegally charged" with "Specific Acts Threatening Staff" in his Citizen Complaint filed against Sgt. E. Banales" and found guilty on June 20, 2009; (2) his file was "grossly contaminated" with "illegal SHU terms"; (3) Defendant Santiago erroneously found Plaintiff guilty of the "bogus charge of Threatening Staff"; and (4) he was illegally placed in administrative segregation for four months. *Id.* at 6-7.

On July 23, 2009, Respondent in Case No. CV-09-4357 filed a motion to dismiss on the grounds that Plaintiff's federal petition failed to state a federal question, was unexhausted, and was barred in part by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996. *See* RJN Ex. G; Dkt. 55-7. Plaintiff filed an opposition to the motion. *See* RJN Ex. H; Dkt. 55-8.

On October 28, 2009, Magistrate Judge Patrick J. Walsh issued a report and recommendation to deny Plaintiff's petition and to dismiss the action with prejudice upon finding

that the claims were "not cognizable because they involve[d] only questions of state law." *See* RJN Ex. I; Dkt. 55-9 at 8. Magistrate Judge Walsh added that, even liberally construing Plaintiff's petition as raising a federal claim, it "would still clearly fail on the merits" upon determining whether the prison disciplinary decision was supported by "some evidence." *Id.* (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (holding that due process only requires that a prison disciplinary decision be supported by "some evidence").) Upon reviewing the record, Magistrate Judge Walsh stated as follows:

> Petitioner was charged with threatening Banales in violation of California Code of Regulations § 3005.5 (6/28/2008 CDC Rules Violation Report, p. 4.) On June 28, 2008, a hearing was held and a copy of Petitioner's signed staff complaint against Sgt. Banales was submitted as evidence. (6/28/2008 CDC Rules Violation Report, p. 2.) Petitioner acknowledged writing in the complaint, "I'd of not only fuck Sergeant Banales' mother, I'd fuck his world up because I really believe that the disrespectful mother[f]ucker must be put in check," but argued that it was not a threat to Sgt. Banales. (6/28/2008 CDC Rules Violation Report, p. 3.) The hearing officer rejected Petitioner's argument, finding that Petitioner intended to convey an "actual and real" threat to Sgt. Banales. (6/28/2008 CDC Rules Violation Report, p. 4.)
>
> The Monterey County Superior Court denied Petitioner's habeas petition, finding that there was "some evidence in the record" that Petitioner threatened Banales. (Lodged Exh. 2, Order of the Superior Court of California, County of Monterey.) This Court agrees. On its face, the complaint form that Petitioner admittedly filled out and submitted to prison staff threatened violence against Sgt. Banales. At a minimum, the complaint amounted to some evidence having an indicia of reliability that Petitioner committed the offense of threatening a prison staff member. *See Yonai [v. Evans]*, [No. C 06-5217 PJH (PR)], 2009 WL 666966, at *5 [(N.D. Cal. 2009)] (finding statements by prisoner that he was going to "tak[e] care of" and "get" corrections officers, whom he called "motherfuckers," constituted some evidence of threatening prison officials). Thus, there is no merit to Petitioner's claims.

*Id.* at 9.

On November 18, 2009, the Honorable Philip S. Gutierrez adopted the Magistrate Judge Walsh's October 29, 2009 finding and reasoning, and issued a judgment dismissing the petition with prejudice. *See* RJN Exs. J & K; Dkt. 55-10, 55-11. Plaintiff appealed the district court's decision to the Ninth Circuit Court of Appeals, which assigned the appeal case number 07-80095. *See* RJN Ex. L; Dkt. 55-12.

1   On January 21, 2010, the Ninth Circuit Court of Appeals affirmed the district court's order
2 denying Plaintiff's habeas petition, holding that the appeal was "so insubstantial as to not warrant
3 further review." *See* RJN Ex. M; Dkt. 55-13.

### D. The Instant Action

As mentioned above, on March 11, 2013, Plaintiff filed the instant action, alleging constitutional violations that occurred while he was housed at CTF in 2008. Dkt. 1.

On July 29, 2013, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*, and thereafter issued an Order of Partial Dismissal and Service on October 30, 2013. Dkt. 8. As mentioned, upon its initial review of the complaint, the Court found Plaintiff had stated a cognizable retaliation claim against Defendants Hancock, Vera, and Santiago, and a cognizable Eighth Amendment claim against Defendant Branch for the use of excessive force. The Court dismissed Plaintiff's remaining claims against the other Defendants named in his complaint.

In an Order dated July 23, 2014, Plaintiff's *in forma pauperis* status was revoked pursuant to 28 U.S.C. § 1915(g). Dkt. 27. The case was dismissed without prejudice to Plaintiff's filing a motion to reopen no later than twenty-eight days from the date of that Order, accompanied by the full filing fee of $350.00. *Id.* at 10.

After being granted multiple extensions of time to do so, Plaintiff, who is no longer incarcerated, as mentioned above, finally paid the full $350.00 filing fee. *See* Receipt Number 44611012363.

In an Order dated December 18, 2015, the Court granted Plaintiff's motion to reopen this action, and his request to use the Court's electronic case filing system. Dkt. 48.

Consistent with the Court's scheduling order, Defendants have filed the instant motion for summary judgment, which asserts that the Plaintiff's claims in the instant action are barred by the doctrine of res judicata or claim preclusion. Plaintiff has filed a cross-motion for summary judgment.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment

8

1  on some or all of the claims or defenses presented in an action.  Fed. R. Civ. P. 56(a)(1).  "The

2  court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

3  material fact and the movant is entitled to judgment as a matter of law."  *Id.*; *see Anderson v.*

4  *Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party has the burden of

5  establishing the absence of a genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

6  317, 323 (1986); Fed. R. Civ. P. 56(c)(1)(A) (requiring citation to "particular parts of materials in

7  the record").  If the moving party meets this initial burden, the burden then shifts to the non-

8  moving party to present specific facts showing that there is a genuine issue for trial.  *See Celotex*,

9  477 U.S. at 324; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87

10  (1986).

11  When the parties file cross-motions for summary judgment, the district court must consider

12  all of the evidence submitted in support of both motions to evaluate whether a genuine issue of

13  material fact exists precluding summary judgment for either party.  *The Fair Housing Council of*

14  *Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1135 (9th Cir. 2001).

15  Claim preclusion may be raised in a motion for summary judgment.  *Cf. Holcombe v.*

16  *Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (finding that claim preclusion may be presented in a

17  Rule 12(b)(6) motion to dismiss).  In the preclusion context, a federal court may take judicial

18  notice of the record in the earlier proceeding.  *Manufactured Home Cmtys. Inc. v. City of San Jose*,

19  420 F.3d 1022, 1037 (9th Cir. 2005); *see also Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir.

20  2003) ("Judicial notice is properly taken of public records, such as transcripts, orders, and

21  decisions made by other courts or administrative agencies."), *overruled in part on other grounds*,

22  *Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) ("[m]aterials from a proceeding in

23  another tribunal are appropriate for judicial notice").  Here, as explained above, the Court takes

24  judicial notice of the state and federal court records relating to Plaintiff's prior state and federal

25  habeas proceedings.

26  **B.  Analysis of Defendants' Motion for Summary Judgment**

27  Under the doctrine of res judicata or claim preclusion, "a final judgment on the merits of

28  an action precludes the parties or their privies from relitigating issues that were or could have been

9

raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Under collateral estoppel [also referred to as issue preclusion], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* These doctrines bar not only every claim that has been raised and decided, but also the assertion of any legal theory or ground for recovery that might have been raised in the first action. *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986).

When the effect of a state court judgment is at issue, federal courts must apply the law of the forum state to determine the preclusive effect of the judgment. *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 84 (1984). California law provides that a final judgment in state court "precludes further proceedings if they are based on the same cause of action." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (internal quotations and citation omitted). For claim preclusion to apply, "three requirements have to be met: (1) the second lawsuit must involve the same 'cause of action' as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys.*, 568 F.3d 725, 734 (9th Cir. 2009). A "cause of action" is determined by analyzing the "primary right" at stake. *Id.* The same primary right is at issue where the two actions involve the same injury to the plaintiff and the same wrong by the defendant. *Id.*

### 1. Plaintiff's Prior State Court Habeas Actions

Applying the foregoing test in relation to Plaintiff's prior state court actions, the Court finds that the three requirements for claim preclusion are satisfied in this case. As an initial matter, the instant federal action and Plaintiff's prior state court actions involve the same harm and wrong by Defendants—that prison officials, including Defendants Hancock, Vera, and Santiago, played a role in imposing an allegedly false and wrongful RVR against Plaintiff as punishment for filing a "staff complaint" against Sgt. Banales on May 21, 2008. *Compare* RJN Exs. A-E *with* Dkt. 1 at 3-4. In addition, these actions involve the same harm and wrong caused by Defendant Branch when he injured Plaintiff while placing Plaintiff in ASU on the "bogus threatening staff

charge." *Compare* Dkts. 65-1 at 8 *and* 55-2 at 5-6 *with* Dkt. 1 at 4. Although the legal theories presented and remedies sought in the state court proceedings differ from those presented in this action, the fact remains that his present and prior proceedings arise from the same conduct and involve the same injury to Plaintiff and the same wrong by Defendants. *See Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983) ("[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery."); *see also San Diego Police Officer's Ass'n*, 568 F.3d at 734 ("What is critical to the analysis 'is the harm suffered . . .'").

The remaining requirements for claim preclusion are also satisfied. Plaintiff does not dispute that there was a final judgment on the merits rendered in the prior state court habeas proceedings. As noted, the state superior court denied Plaintiff's habeas petition in an order explaining that court's findings and reasoning. *See* RJN Ex. A. Specifically, the state superior court found that Plaintiff's placement and retention in administrative segregation following his guilty finding for threatening staff was supported by evidence in the record. *Id.* The state appellate and supreme courts' summary denials of Plaintiff's subsequent petitions also constitute a judgment on the merits. *Silverton v. Dept. of Treasury*, 644 F.2d 1341, 1346 (9th Cir. 1981).

Finally, the privity requirement is satisfied, as Plaintiff brought each of the prior state court actions. *See San Diego Police Officers' Ass'n*, 568 F.3d at 734. Plaintiff was the same party in the state actions, and Defendants are in privity with Respondents in those actions. Privity exists when a person is so identified in interest with another that he represents the same legal right. *See Trujillo v. Santa Clara County*, 775 F.2d 1359, 1367 (9th Cir. 1985). For example, privity exists between officers of the same government so that a judgment in a suit between a party and a representative of the government is res judicata in relitigation of the same issue between that party and another officer of the government. *See Church of New Song v. Establishment of Religion on Taxpayers' Money*, 620 F.2d 648, 654 (7th Cir. 1980), *cert. denied*, 450 U.S. 929 (1981) (citation omitted) (prison employees at federal prison in Texas in privity with prison employees at federal prison in Illinois as both suits against employees of Federal Bureau of Prisons). Such is the case

11

1    here, where Defendants in the instant action are in privity with Respondents in Plaintiff's state
2    habeas actions because all the suits are against employees of the California Department of
3    Corrections and Rehabilitation.
4        Therefore, the three requirements for claim preclusion based on Plaintiff's prior state court
5    habeas proceedings are satisfied in this action.  Thus, upon considering such state proceedings, the
6    Court finds that Defendants are entitled to summary judgment on the basis of claim preclusion.

### 2. Plaintiff's Prior Federal Court Habeas Action

A prior federal habeas decision may have preclusive effect in a separate section 1983 action. *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1993).  In Plaintiff's prior federal habeas proceedings, he raised the same issues the instant action, i.e., he challenged the allegedly improper RVR after he filed a citizen's complaint against Sgt. Banales, and argued that the resulting four-month ASU term was illegal.  However, the final judgment entered in Plaintiff's prior federal habeas action in the United States District Court for the Central District of California and in the Ninth Circuit precludes relitigation of the issues asserted in that proceeding.  *See In re Fikri Bayramoglu*, Case No. CV-09-4357; RJN Exs. J & K; Dkt. 55-10, 55-11.  As mentioned above, in Plaintiff's prior federal habeas action, Magistrate Judge Walsh issued detailed findings and a recommendation to deny Plaintiff's petition, and the district court ultimately adopted the report and recommendation in full.  *See* RJN Exs. I & J.  Magistrate Judge Walsh had found that Plaintiff's claims were not cognizable because none of the asserted allegations stated a violation of the Constitution.  *See* RJN Ex. I.  Importantly, Magistrate Judge Walsh found that there was no merit to Plaintiff's claim that the RVR initiated by Defendants was improper.  *See id.*  Specifically, Magistrate Judge Walsh cited the Monterey County Superior Court's order denying Plaintiff's state habeas petition and finding that there was "some evidence in the record" that Plaintiff had threatened Sgt. Banales. Dkt. 55-9 at 9.  Additionally, Magistrate Judge Walsh noted that "on its face, the complaint form that Petitioner admittedly filled out and submitted to prison staff threatened violence against Sgt. Banales." *Id.*  Therefore, the issue of whether the RVR was brought against Plaintiff in retaliation cannot be relitigated in the instant action because a *prior* federal court has already determined that the RVR was instituted against Plaintiff for a legitimate

1  penological purpose, i.e., that Plaintiff had committed the offense of threatening a prison staff
2  member. *Id.* Therefore, claim preclusion applies to bar Plaintiff from relitigating the issue as to
3  whether the RVR was proper because such an issue was already decided in a prior habeas decision
4  in Plaintiff's prior federal action in the Central District, *In re Fikri Bayramoglu*, Case No. CV-09-
5  4357. Therefore, the final judgment in Plaintiff's prior federal habeas proceeding may have a
6  preclusive effect to bar the instant action, which it does.

7  Accordingly, based on the above discussion, the issues raised in the instant complaint regarding Plaintiff's claims of retaliation and excessive force are barred under res judicata and, therefore, must be DISMISSED for failure to state a claim. The Court GRANTS Defendants' motion for summary judgment as to the retaliation and excessive force claims on the ground that they are barred by res judicata. Dkt. 54. Because the Court grants summary judgment on claim preclusion grounds, it need not rule on Defendants' alternative argument that the action is barred by the applicable statute of limitations.

### C. Analysis of Plaintiff's Cross-Motion for Summary Judgment

Plaintiff has filed a cross-motion for summary judgment, which consists of a variety of unrelated allegations regarding previous prison staff's treatment of him, including three other allegedly "illegal[]" placements in the SHU, as well as allegations regarding Defendant Branch's actions of "switching Plaintiff's full stinky matteress [sic] with a[] half matterss [sic] with a[] sick sinister intent in subjecting Plaintiff to pain and suffering . . . ." Dkt. 59 at 2-3, 5. These allegations may form the basis for a separate case, but they are irrelevant to Plaintiff's stated claims in the instant action of retaliation and excessive force. Therefore, his cross-motion for summary judgment is DENIED on this ground.

In the event that Plaintiff claims that he is entitled to as a matter of law, his motion is must also be denied. On Plaintiff's cross-motion for summary judgment, the evidence must be viewed in favor of Defendants, as the non-moving parties. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999); *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Because Plaintiff bears the burden of proof on all the issues at trial, on his motion for summary judgment he must affirmatively demonstrate that no reasonable trier of fact could find other than

13

for him. *See Celotex*, 477 U.S. at 323. Because Defendants' motion for summary judgment has been granted above, Plaintiff's cross-motion must necessarily be denied.

Accordingly, Plaintiff's cross-motion for summary judgment is DENIED. Dkt. 59.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' unopposed request for judicial notice is GRANTED. Dkt. 39.

2. Defendants' motion for summary judgment is GRANTED as to the retaliation and excessive force claims on the ground that they are barred by res judicata. Dkt. 54. The complaint is thereby DISMISSED for failure to state a claim.

3. Plaintiff's cross-motion for summary judgment is DENIED. Dkt. 59.

4. The Clerk of the Court shall enter judgment, close the file, and terminate all pending matters.

5. This Order terminates Docket Nos. 54 and 59.

IT IS SO ORDERED.

Dated: September 12, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge